**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KRAKEN SPORTS, Inc. | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-3233 |
| EASYDIVE DI FABIO BENVENUTI | |
| and | |
| FABIO BENVENUTI, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

Table of Contents

I.    INTRODUCTION ……………………………………………………………………..1

II.    RELEVANT PROCEDURAL POSTURE ……………………………………………….2

III.   ARGUMENT …………………………………………………………………………...3

    A.  Standard of Review …………………………………………………………………...3

        1.  Pleading Requirements Under Fed. R. Civ. P. 12(b)(2) …………………...……3

        2.  Pleading Requirements Under Fed. R. Civ. P. 12(b)(3) …………………………..4

        3.  Pleading Requirements Under Fed. R. Civ. P. 8 ………………………………...4

    B.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2) ………….5

        1.  Kraken Fails to Allege Facts to Show Personal Jurisdiction is Plausible …………6

            a.  Neither Defendant Resides In this Forum ………………………………...6

            b.  Kraken Fails to Allege Any Action by Either Defendant in this Forum …6

            c.  Kraken Fails to Allege that Either Defendant Performed any Action that had an Effect in this Forum ……………………………………………7

    C.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(3) ………….7

    D.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(6) ………….8

        1.  Kraken Fails to Plead Sufficient Facts to Make Count 1 Plausible ………………9

        2.  Kraken Fails to Plead Sufficient Facts to Make Count 2 Plausible ……………..11

        3.  Kraken Fails to Plead Sufficient Facts to Make Count 3 Plausible ……………..12

        4.  Kraken Fails to Plead Sufficient Facts to Make Count 4 Plausible …….………13

IV.   CONCLUSION ………………………………………………………………………14

Table of Authorities

**Cases**

*Abramoff v. Shake Consulting, L.L.C.*,
　　228 F. Supp. 2d 1 (D.D.C. 2003) …………..…….………….……………………7

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
　　632 F.3d 1246 (Fed. Cir. 2011) ……………..…….…………………………..10

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009) ………………….…..………………………………..4, 5, 8, 9

*Bauman v. Butowsky*,
　　377 F. Supp. 3d 1 (D.D.C. 2019) ……………..…….…………………………3, 4, 5

*Bell Atl. Corp. v. Twombly*,
　　550 U.S. 544 (2007) ………………….……………………………………..4, 5, 8, 9

*Burger King v. Rudzewicz*,
　　471 U.S. 462 (1985) ……………………..…….……………………………..3

*Freeman v. Fallin*,
　　254 F. Supp. 2d 52 (D.D.C. 2003) ……………………………………..4

*Gudger v. District of Columbia*,
　　74 F. Supp. 3d 47 (D.D.C. 2014) ……………………………………………5

*Hudes v. Aetna Life Ins. Co.*,
　　806 F. Supp. 2d 180 (D.D.C. 2011) ……………………………………………5, 9

*Int'l Shoe Co. v. Washington*,
　　326 U.S. 310 (1945) …………………………..…………………………….3

*Lemon v. Kramer*,
　　270 F. Supp. 3d 125 (D.D.C. 2017) ……………………………………………8

*Martek Biosciences Corp. v. Nutrinova, Inc.*,
　　579 F.3d 1363 (Fed. Cir. 2009) ……………………………..……………..10

*Med. Sols. v. C. Change Surgical LLC*,
　　468 F. Supp. 2d 130 (D.D.C. 2006) ……………………………..…………..3, 4

*Milliken v. Meyer*,
　　311 U.S. 457 (1940) ………………………………………………..……3

*Pugh v. Socialist People's Libyan Arab Jamahiriya*,
    290 F. Supp. 2d 54 (D.D.C. 2003) …………………………………………………….3

*Second Amendment Found. v. U.S. Conference of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001) …………………………..………………………….3

*Sissel v. U.S. Dept. of Health & Human Servs.*,
    760 F.3d 1 (D.C. Cir. 2014) …………………………..………………………… 5

*Tower Labs, Ltd. v. Lush Cosmetics, Ltd.*,
    285 F. Supp. 3d 321 (D.D.C. 2018) ……………………………………………4

*United States v. Phillip Morris Inc.*,
    116 F. Supp. 2d 116 (D.D.C. 2000) …………………………..…………………….4

*Woodke v. Dahm*,
    70 F.3d 983 (8th Cir. 1995) …………………………………………………7

*2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc.*,
    148 F. Supp. 2d 50 (D.D.C. 2001) …………………………..…………………4

**Statutes**

28 U.S.C. § 1406(a) …………………………………………………………..…………….4

28 U.S.C. § 1391(b) …………………………………………………………..…………….7-8

## I.    INTRODUCTION

Plaintiff Kraken Sports Inc.'s ("Plaintiff" or "Kraken") October 28, 2019 complaint ("Kraken's Compl." or "Compl.") (Dkt. No. 1) is deficient and it should be summarily dismissed. In its Complaint, Kraken fails to meet its burden to show that: (1) this Court has personal jurisdiction over either Defendant; (2) that venue in this Court is proper; or (3) that there is a claim for which relief can be granted.  Accordingly, this Court should dismiss Kraken's complaint in its entirety under Fed. R. Civ. Proc. 12(b)(2); 12(b)(3); and/or 12(b)(6).

With respect to personal jurisdiction, Kraken has failed to allege that either defendant: (1) resides in this forum; (2) has ever been present in this forum; (3) has ever taken any action in this forum; or (4) has ever taken any action which caused any effect in this forum.  As such, Kraken has failed to show that either defendant has sufficient contacts with this forum for this Court to have personal jurisdiction over either defendant.  In addition, Kraken has failed to allege any facts in which this Court would have general jurisdiction over either defendant.  Trying to bring either defendant before this Court would offend traditional notions of fair play and substantial justice.

In order for a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(3), the plaintiff must bring the lawsuit in the correct forum.  In its complaint, Kraken argues that venue is proper in this district: (1) because *Plaintiff* has made sales in this judicial district and (2) under 28 U.S.C. § 1391.  Compl. ¶ 8.  A central purpose of the venue requirements is to ensure that a defendant is not brought before a court having no real relationship to the dispute.  As such, in determining the proper venue, it is *defendant's* activities this Court should focus on and not where *plaintiff* made sales.  Additionally, since this Court does not have personal jurisdiction over either defendant (as further explained below) venue is not proper under 29 U.S.C. § 1391.

1

In order to state a claim upon which relief may be granted (and conform with Fed. R. Civ. P. 8), Plaintiff is required to allege sufficient facts to show, *inter alia*, that each of the four counts contained in Kraken's complaint are plausible. As further explained in detail below, Plaintiff fails to allege sufficient facts in its complaint to show that any of the counts is plausible. Accordingly, this Court should dismiss Plaintiff's Complaint. Furthermore, because Plaintiff cannot allege sufficient facts to show that any of these counts are plausible, this Court should dismiss Kraken's Complaint with prejudice.

## II.    RELEVANT PROCEDURAL POSTURE

On October 28, 2019, Kraken Sports, Inc. ("Kraken" or "Plaintiff") filed its complaint containing the following four counts:  (1) declaratory judgment that none of Kraken's products infringe U.S. Patent No. 10,261,395 ("the '395 Patent"); (2) that the '395 Patent is invalid; (3) that the '395 Patent is unenforceable; and (4) that Defendants have falsely marked their products under 35 U.S.C. § 292.  Compl. ¶¶ 6-8.  U.S. Patent No. 10,261,395 is attached as Exhibit 1.

The '395 Patent is directed to "[a]n underwater case for containing a device, such as a camera, a tv camera and the like comprised also in mobile telephones, smartphones, tablets and the like, comprising control means, arranged on a portion of the underwater case, for activating the device when it is positioned internally of the underwater case . . .".  Ex. 1, '395 Patent, Abstract.  As issued, the '395 Patent contains 17 claims, with claims 1, 16 and 17 being independent claims.  *See* Ex. 1. The '395 Patent includes seven (7) figures.  *Id.*

2

### III.   ARGUMENT

#### A.  Standard of Review

##### 1.  Pleading Requirements Under Fed. R. Civ. P. 12(b)(2)

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F. Supp. 2d 54, 58 (D.D.C. 2003) (internal quotation marks omitted) (*citing Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "[T]he Due Process Clause has been read to limit a court's ability to exercise jurisdiction over an individual not physically present in the forum state to those situations in which the individual has such minimum contacts with the forum that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 58-59 (internal quotation marks omitted) (*citing Int'l Shoe Co.*, 326 U.S. at 316 (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Accordingly, in order to meet its burden with respect to jurisdiction, Kraken must show that defendants have had sufficient contacts with this forum as to "not offend traditional notions of fair play and substantial justice." Kraken fails to meet this standard.

"To survive a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of the factual basis for asserting personal jurisdiction over a defendant." *Bauman v. Butowsky*, 377 F. Supp. 3d 1, 5 (D.D.C. 2019). "[A] plaintiff must allege specific acts connecting [the] defendant with the forum." *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524, 348 U.S. App. D.C. 238 (D.C. Cir. 2001) (citation omitted). "The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Med. Sols. v. C. Change Surgical LLC*, 468 F. Supp. 2d 130, 133 (D.D.C. 2006). "In evaluating

whether plaintiff[] [has] established personal jurisdiction, the Court need not treat all of plaintiff['s] allegations as true but instead 'may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.'" *Id. (citing United States v. Phillip Morris Inc.*, 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000)).

### 2. Pleading Requirements Under Fed. R. Civ. P. 12(b)(3)

Plaintiff has the obligation to bring the action in the right forum, so "plaintiff usually bears the burden of establishing that venue is proper." *Tower Labs, Ltd. v. Lush Cosmetics, Ltd.*, 285 F. Supp. 3d 321, 323 (D.D.C. 2018) (*citing Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)). "On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), facts must be presented that will defeat plaintiff's assertion of venue." *2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  When a case is brought by a plaintiff in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

### 3. Pleading Requirements Under Fed. R. Civ. P. 8

The purpose of a "Rule 12(b)(6) motion [is to] test[] the legal sufficiency of a complaint." *Butowsky*, 377 F. Supp. 3d at 6 (citation omitted).  In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure and "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to state a plausible claim to relief the complaint must include "allegations respecting all the material elements necessary to sustain recover under some viable legal theory." *Twombly*, 550 U.S. at 562.  "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, are not sufficient to state a claim."

4

*Butowsky*, at 6 (*citing Iqbal*, at 678).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in plaintiff's favor.  *Sissel v. U.S. Dept. of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).  *Id.* at *12.  "However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations."  *Ashcroft*, 556 U.S. at 678, 681. (*citing Twombly*, 550 U.S. at 555.)  "A complaint that 'tenders naked assertions devoid of further factual enhancements' will not survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).  "Plaintiff must put forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 186 (D.D.C. 2011) (*citing Iqbal*, 556 U.S. at 662).  "Put another way, the court begins its consideration of a motion to dismiss by assuming the veracity of 'well-pleaded factual allegations . . . *and then* determine[s] whether they plausibly give rise to an entitlement to relief. It does not work the other way around.  It is not reasonable for a court to infer a fact from a legal conclusion."  *Gudger v. District of Columbia*, 74 F. Supp. 3d 47, 52 (D.D.C. 2014) (*citing Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted*).

### B.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2)

Simply stated, Kraken's complaint fails to allege any connection between this forum and either defendant.  Since there is insufficient connection between this forum and defendants, this Court should dismiss this complaint.

**1. Kraken Fails to Allege Facts for a Prima Facie Showing of Personal Jurisdiction**

In its complaint, Kraken blithely claims "Defendants are foreign nationals and thus subject to general and specific personal jurisdiction in this judicial district."  Compl. ¶ 7.  Kraken fails, however, to provide any citation to support this legal conclusion.  Since it is only a legal conclusion, it is not entitled to a presumption of truth for the purposes of this Motion to Dismiss. Kraken's complaint fails to offer any specific facts alleging that defendants are subject to either general or personal jurisdiction in this judicial district.  Kraken's woefully deficient complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

**a)  Neither Defendant Resides In this Forum**

The parties agree that neither defendant resides in this forum.  Kraken states that both defendants are from Italy.  Compl. at ¶¶ 2-3.  Defendants confirm that both Defendants reside in Italy.  Benvenuti Decl. (Ex. 2) at ¶¶ 3 & 5. Kraken fails to allege that either defendant has ever set foot in this forum.  Defendants confirm that Defendant Fabio Benvenuti has never set foot in this forum for the purpose of conducting EasyDive Di Fabio Benvenuti business. Benvenuti Decl. ¶ 7. In fact, Defendant Fabio Benvenuti has never been in this district for any reason.  *Id.* ¶ 8.

**b)  Kraken Fails to Allege Any Action by Either Defendant in this Forum**

In paragraphs 5 and 23 of its complaint, Kraken alleges that "Defendants have sent numerous letters and other communications to Plaintiff, to Plaintiff's customers and to Plaintiff's supplier . . .".  Compl. at ¶¶ 5, 23.  Kraken fails to allege that any of these "numerous letters" were sent to anyone in this forum.  Any letter sent to Plaintiff, was obviously not sent to this forum since Plaintiff's principal place of business is in Ontario, Canada. Compl. at ¶ 1.  Kraken fails to allege that any of Plaintiff's customers that allegedly received these letters or Plaintiff's supplier is

6

located within this forum.  Accordingly, Kraken has failed to meet its burden to make a prima facie

showing of the factual basis for asserting personal jurisdiction over either defendant.

> c)  **Kraken Fails to Allege that Either Defendant Performed any Action that had an Effect in this Forum**

Finally, in its complaint, Kraken fails to allege that either defendant has taken any action

anywhere in the world which has had any effect in this forum.

### C.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(3)

Kraken asserts that "[v]enue is proper in this Court under 28 U.S.C. § 1391 because

*Plaintiff* has made sales in this judicial district and both parties are subject to personal jurisdiction

within this judicial district."  Compl. ¶ 8 (emphasis added).  Neither of these arguments meets

plaintiff's burden of establishing venue is proper in this forum.

First, in determining venue, it is defendant's activities this Court should focus on and not

plaintiff's activities. "One of the central purposes of statutory venue is to ensure that a defendant

is not 'haled into a remote district having no real relationship to the dispute. . . . Congress meant

to require courts to focus on the relevant activities of the defendant, not of the plaintiff.'"  *Woodke

v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).  "[I]n determining were a substantial part of the

underlying events occurred[,] . . . courts often focus on the relevant activities of the defendant,

rather than the plaintiff . . . because the general-venue statute protects the defendant."  *Abramoff

v. Shake Consulting, L.L.C.*, 228 F. Supp. 2d 1, 4 (D.D.C. 2003).  So, Kraken's allegation that

*plaintiff* "has made sales in this judicial district" is immaterial to the question of venue.  Kraken's

reliance on 28 U.S.C. § 1391(b) fares no better.

28 U.S.C. § 1391(b), entitled venue in general, states:

A civil action may be brought in –
(1)    a judicial district in which any defendant resides, if all defendants are
residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As explained above, neither of the defendants reside in this judicial district, so 28 U.S.C. § 1391(b)(1) is not applicable.  As also explained above, no part of the events or omissions related to the claim occurred in this judicial district, so section (b)(2) is not applicable either.  28 U.S.C. § 1391(b)(3) is not applicable either because neither defendant is subject to this Court's personal jurisdiction with respect to this action. While a Court is required to accept all well-pled factual allegations in a complaint as true, Kraken's venue allegations are based on Kraken's legal conclusion that defendants are subject to personal jurisdiction in this judicial district.  It would be improper for the Court to accept Kraken's legal conclusion as true for the purposes of this Motion to Dismiss. *See Lemon v. Kramer*, 270 F. Supp. 3d 125, 139 (D.D.C. 2017) ("The court need not, however, accept a plaintiff's legal conclusions as true.").

Accordingly, venue is not proper in this judicial district and Kraken's complaint should be dismissed.

**D.  This Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(6)**

In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure and "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570).

As clearly shown below, Kraken's complaint contains a limited number of factual allegations and a large number of legal conclusions masquerading as facts.  While the alleged facts

8

are entitled to a presumption of truth (with respect to this Motion to Dismiss), none of Kraken's legal conclusions are entitled to a presumption of truth. "The Court need not accept as true [ ] 'a legal conclusion couched as a factual allegation,' nor an inference unsupported by the facts set forth in the Complaint." *Hudes*, 806 F. Supp. 2d at 186 (citations omitted). A bare (or naked) assertion is a mere label and conclusion which stops short of the line between possibility and plausibility required by Federal Rule of Civil Procedure 8. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). A conclusory allegation is one that relies on legal labels instead of subsidiary facts. *Id.* at 677. When these legal conclusions are not given a presumption of truth, it becomes abundantly clear that Kraken has failed to meet its burden under Fed. R. Civ. P. 12(b) and that Kraken's complaint should be dismissed.

### 1. Kraken Fails to Plead Sufficient Facts to Make Count 1 Plausible

For Kraken to properly plead that its products do not infringe the '395 Patent, Kraken is required to plead sufficient *facts* to show that non-infringement is plausible. Kraken fails to do so.

The *facts* alleged by Kraken relevant to count 1 are:

- "The '395 Patent is entitled 'Underwater Case for Digital Cameras and Video Cameras." Compl. ¶ 13.

- "The '395 patent issued on April 16, 2019." Compl. ¶ 13.

- "The '395 patent discloses a case for housing a standard configuration digital camera." Compl. ¶ 13.

- "Standard digital cameras include a threaded hole to accommodate tripod mount on the bottom of the camera body and also have a lens extending from the front of the camera body." Compl. ¶ 13.

None of these facts, taken alone or in combination, make it plausible that Kraken's products do not infringe the claims of the '395 Patent. In its complaint, Kraken completely fails to compare its products to the claim language to show that it is plausible that the products do not infringe the claims. Instead, Kraken relies on an argument that is completely contradictory to black letter law. Kraken argues that the '395 Patent only discloses a single embodiment – and that single embodiment is a housing for a standard digital camera, the disclosed single embodiment "would not support a smartphone" so any product which does not support a standard digital camera and only supports a smartphone cannot infringe the '395 patent. *See* Compl. ¶¶ 13, 16. Black-letter law states that the claims are not limited by the embodiments illustrated, even if only a single embodiment is shown in the figures. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 632 F.3d 1246, 1254 (Fed. Cir. 2011) ("[E] even where a patent describes only a single embodiment, claims will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using words of expressions of manifest exclusion or restriction.") (quoting *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1381 (Fed. Cir. 2009)).

The *legal conclusions* (masquerading as facts) alleged by Kraken relevant to count 1 are:

- "The '395 patent does not disclose a housing designed to fit a smartphone." Compl. ¶ 13.

- "The single embodiment disclosed in the '395 patent would not support a smartphone." Compl. ¶ 13.

- "Plaintiff's Kraken Smart Housing does not infringe the '395 patent because several of the elements of the claims of the '395 patent which are directed to digital cameras and are wholly inapplicable to smartphones, are not found in the Kraken Smart Housing." Compl. ¶ 18.

10

- "No claim of the '395 Patent has been or is infringed, either directly or indirectly, by Kraken or by any of Kraken's products, including the Kraken Smart Housing." Compl. ¶ 25.

Since legal conclusions included in the complaint are not presumed to be true, these legal conclusions should be ignored and are not relevant to the Court's consideration as to whether or not Kraken provide sufficient facts to shown that count 1 is plausible. When these legal conclusions are ignored, Kraken fails to allege sufficient facts to make its Count 1 plausible and Count 1 should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 2. Kraken Fails to Plead Sufficient Facts to Make Count 2 Plausible

To properly plead the '395 Patent is invalid, Kraken is required to plead sufficient facts to show that it is plausible that U.S. Patent No. 10,261,395 is invalid. Again, Kraken fails to do so. Kraken does not provide any factual allegations which support its claim that the '395 Patent is invalid. Instead, Kraken relies exclusively on legal conclusions. These legal conclusions include:

- "The '395 patent does not teach or disclose anything which is not found in the prior art." Compl. ¶ 19.

- "The '395 patent discloses a common well known idea of communicating with a digital camera in a waterproof case over a wireless connection." Compl. ¶ 19.

- "Wireless communication with a digital camera was well known long before the filing of the '395 patent and including such communication in a waterproof case was also well known." Compl. ¶ 19.

- "The '395 patent also discloses a common two part mounting bracket for a digital camera." Compl. ¶ 20.

11

- "Such mounting was well know[n] for use in digital cameras with a body adapted for a tripod type mount." Compl. ¶ 20.

- "The disclosure of watertight O-ring seals and magnetic keys was also well known." Compl. ¶ 20.

- "There is nothing novel in the '395 patent." Compl. ¶ 20.

- "The '395 patent is invalid under 35 USC 101 as anticipated by prior art, is invalid under 35 USC as obvious over prior art." Compl. ¶ 21.

- "The '396 [sic] patent fails to disclose critical information regarding both the single disclosed embodiment and the alluded to but undisclosed embodiments and is thus invalid under 35 USC 112 for filing to make a proper disclosure." Compl. ¶ 22.

- "The claims of the '395 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§1 et seq., including without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation." Compl. ¶ 28.

When these legal conclusions are ignored, it is obvious that Kraken has failed to allege sufficient facts to make its Count 2 plausible and Count 2 should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 3.   Kraken Fails to Plead Sufficient Facts to Make Count 3 Plausible

Kraken is required to provide sufficient facts to show that it is plausible that the '395 Patent is unenforceable. Kraken fails to do so. In fact, Kraken fails to allege any facts to show that it is plausible that the '395 Patent is unenforceable. Instead, Kraken relies exclusively on the following legal conclusions:

- "Defendants have misused the '395  by marking products which are not covered by the '395 patent as 'patented', by holding out to the public that products not

12

covered by the '395 patent are 'patented' and by specifically and intentionally threatening competitors through letters and other communications which include the assertion that non-covered products are actually protected by the '395 patent." Compl. ¶ 31.

When these legal conclusions are ignored, it is obvious that Kraken has failed to allege sufficient facts to make its Count 3 plausible and Count 3 should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 4. Kraken Fails to Plead Sufficient Facts to Make Count 4 Plausible

To properly plead count 4, Kraken is required to show that it is plausible that defendants falsely marked their products. Again, Kraken fails to allege any facts to show that this count is plausible. Instead, Kraken relies completely on the following legal conclusions:

- "Neither the Leo3Smart, the DiveShot, the DivePad nor the Kraken Smart Housing embody the claimed invention of the '395 Patent." Compl. ¶ 17.

- "However, Defendants have mismarked their Leo2Smart, DivePad and DiveShot products as 'patented' and have incorrectly accused the Kraken Smart Housing of infringement of the '395 Patent." Compl. ¶ 17.

- "Defendants have falsely marked products which are not covered by the '395 patent or any other patent as 'patented', by holding out to the public that products not covered by the '395 patent or any other patent are 'patented' and by specifically and intentionally threatening competitors through letters and other communications which include the assertion that non-covered products are actually protected by the '395 patent." Compl. ¶ 34.

When these legal conclusions are ignored, it is obvious that Kraken has failed to allege sufficient facts to make its Count 4 plausible and Count 4 should be dismissed under Fed. R. Civ. P. 12(b)(6).

13

## IV.    CONCLUSION

For the reasons described above, this Court should dismiss Plaintiff's Complaint with prejudice.

Dated: February 10, 2020

By:  /s/ *Steven War*
Steven War (D.C. # 477822)
War IP Law PLLC
5335 Wisconsin Ave, NW, Suite 440,
Washington, DC 20015
Telephone (202) 800-3751
Fax (202) 318-1490

*Attorney for Defendants EasyDive Di Fabio*
*Benvenuti and Fabio Benvenuti*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, a true and correct copy of the foregoing

document was sent by the Court's ECF system to:


Joseph Jude Zito
ZITO, TLP
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Telephone (202) 466-3500
jzito@dnlzito.com

*Attorney for Plaintiff Kraken Sports, Inc.*


Dated: February 10, 2020                          Respectfully submitted,



By:  /s/ *Steven War*
Steven War (D.C. # 477822)
War IP Law PLLC
5335 Wisconsin Ave, NW, Suite 440,
Washington, DC 20015
Telephone (202) 800-3751
Fax (202) 318-1490

*Attorney for Defendants EasyDive Di Fabio*
*Benvenuti and Fabio Benvenuti*

15