# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**KRAKEN SPORTS, INC.,**

**Plaintiff,**

v.                                                          Civil Action No. 19-03233 (TFH)

**EASYDIVE DI FABIO BENVENUTI,** *et al.*

**Defendants.**

## MEMORANDUM OPINION

This is a patent declaratory judgment action in which Plaintiff Kraken Sports, Inc. seeks declarations of non-infringement and invalidity as to United States Patent No. 10,261,395. Defendants EasyDive di Fabio Benvenuti, the owner of the patent, and Fabio Benvenuti, the inventor of the patent, have moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons set forth below, Defendants' motion to dismiss will be granted for lack of personal jurisdiction and this action will be transferred in its entirety to the United States District Court for the Eastern District of Virginia for resolution on the merits.

## BACKGROUND

Plaintiff Kraken Sports, Inc. ("Plaintiff" or "Kraken") is a Canadian corporation with its principal place of business in London, Ontario, Canada. Kraken develops, manufactures, and sells "photography, and videography accessories for divers, including diving lights and diving cases for still cameras, video cameras and smart phones." Compl. ¶ 9. Defendant EasyDive di Fabio Benvenuti ("EasyDive") is also engaged in the business of manufacturing and selling

photography and videography equipment for divers. *Id.* at ¶ 10. Defendant Fabio Benvenuti

resides in Cervia, Italy and is the sole owner of EasyDive, an unincorporated entity with its sole

place of business in Cervia, Italy. *Id.* at ¶ 2-3.

United States Patent No. 10,261,395 ("the '395 Patent") was issued to EasyDive on April

16, 2019. *Id.* at ¶ 13. The '395 Patent is "Underwater Case for Digital Cameras and

Videocameras" and identifies Fabio Benvenuti as the sole inventor. *Id.* at ¶¶ 3, 13. In August

2019, counsel for EasyDive sent numerous cease-and-desist letters together with draft complaints

for patent infringement to Kraken, Kraken's customers, and Kraken's supplier asserting that one

of Plaintiff's products, the "Kraken Smart Housing" infringed on the '395 Patent. Compl. ¶ 5, 23;

Opp'n at 14, 19; Opp'n Ex. C. Kraken alleges that such letters have caused certain customers to

return its product or to question continued sales. Compl. ¶ 5.

On October 28, 2019, Kraken filed the instant action seeking a declaration that it does not

infringe on any valid claim of the '395 Patent and that the '395 Patent is invalid and

unenforceable. Compl. at 1. Kraken also alleges that EasyDive is liable for false marking under

35 U.S.C. § 292. *Id.*

## DISCUSSION

### I.    Legal Standard

District courts apply Federal Circuit law in reviewing a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(2) in a patent law case. *Deprenyl Animal Health, Inc. v.*

*Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002) ("Federal Circuit

law governs the issue of personal jurisdiction in . . . patent-related case[s].").  In the absence of

an evidentiary hearing,

> [a] plaintiff need only make a prima facie showing of jurisdiction to survive a
> motion to dismiss.  To make that showing, [plaintiff] need only demonstrate

facts that, if true, would support jurisdiction over the Defendants. Unless directly contravened, [plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.

*Campbell Pet. Co. v. Miale*, 542 F.3d 879, 888 (Fed. Cir. 2008) (quoting *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857 (9th Cir. 2003)).

Under Federal Circuit law, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the exercise of jurisdiction without violating federal due process." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). The D.C. long-arm statute is coextensive with the limits of due process, *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004), so "the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry," *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). Accordingly, the "only inquiry is whether or not exercising personal jurisdiction over the defendants . . . comports with federal due process." *3D Systems*, 160 F.3d at 1377.

## II.   Personal Jurisdiction

### a.   General Personal Jurisdiction

Although Kraken alleges in its Complaint that "Defendants are foreign nationals and are thus subject to general and specific personal jurisdiction in this judicial district," Compl. ¶ 7, in its Opposition, Plaintiff appears to concede that the Court does not have general personal jurisdiction over Defendants. *See* Opp'n at 5-7. Plaintiff is correct. General jurisdiction arises only where a defendant's contacts with the forum state qualify as "continuous and systematic general business contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416

- 3 -

(1984)).  This is a "fairly high" standard that requires more than "sporadic and insubstantial contacts with the forum state". *Id.* at 1017-18 (quoting *Campbell Pet Co. v. Miale,* 542 F.3d 879, 884 (Fed. Cir. 2008)).

Here, Plaintiff's complaint has not alleged any direct contacts with this forum, much less contacts sufficient to confer general jurisdiction.  EasyDive is an Italian company and Mr. Benvenuti is a resident of Italy who has never traveled to Washington, D.C. Benvenuti Decl. at 2.  Although Kraken alleges that EasyDive has sent letters and communications to Plaintiff, Plaintiff's customers, and Plaintiff's supplier, Kraken does not allege that any of those communications were directed to or received in this forum. Consequently, as Plaintiff seemingly acknowledges, this Court does not have general personal jurisdiction over either Defendant.

### b.  Specific Personal Jurisdiction

Plaintiff's core contention is that this Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). That rule states:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).

As explained by the Federal Circuit, Rule 4(k)(2) allows a district court to

> exercise personal jurisdiction even if the defendant's contacts with the forum state would not support jurisdiction under that state's long-arm statute, as long as (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements.

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

The rule's first prong is straight forward and uncontested. Kraken's claim arises under federal law.

The second condition for application of Rule 4(k)(2), known as the "negation requirement," is that "the defendant not be subject to personal jurisdiction in any state's courts of general jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009). Ordinarily, the plaintiff bears the burden of establishing personal jurisdiction. However, "in the context of Rule 4(k)(2) that general proposition would saddle the plaintiff with an extraordinary challenge in 'proving a negative many times over,' that is, demonstrating that the defendant is *not* subject to jurisdiction in each of the fifty states" *Merial Ltd.*, 681 F.3d at 1294 (quoting *Touchcom, Inc. v. Bereskin & Parr,* 574 F.3d 1403, 1413 (Fed. Cir. 2009)). Courts have therefore adopted a burden-shifting mechanism whereby Rule 4(k)(2) applies only when "defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible" *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 552 (7th Cir. 2001)). Therefore, "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *Id.*

A defendant is, however, required to go beyond simply naming and consenting to the jurisdiction of another state. *Merial Ltd.*, 681 F.3d at 1294. To defeat Rule 4(k)(2), a defendant must "identify[] a forum where the plaintiff *could have* brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." *Id.*

Here, the Defendants have (1) explicitly consented to the jurisdiction of the United States District Court for the Eastern District of Virginia and (2) correctly stated that Kraken could have originally brought suit in that district pursuant to 35 U.S.C. § 293. Def's Reply at 6 [ECF. No. 8].

Under 35 U.S.C. § 293, if a nonresident patentee has not designated in writing with the U.S. Patent and Trademark Office a U.S. resident to receive service of process or notice of proceedings affecting the patent, "the United States District Court for the Eastern District of Virginia shall have jurisdiction and …shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." 35 U.S.C. § 293. The parties agree that Defendant Benvenuti is the sole owner of the '395 patent and a foreign national. Kraken has not alleged and there is no evidence that suggests Mr. Benventui has designated a U.S. resident to accept service with the Patent and Trademark Office. Accordingly, under 35 U.S.C. § 293, the Eastern District of Virginia, may properly exercise personal jurisdiction over Mr. Benvenuti, and Kraken could have originally brought this suit in that district.

In sum, that Defendants have (1) consented to the jurisdiction in the Eastern District of Virginia and (2) properly identified that forum as one in which Kraken could have originally brought suit precludes application of Rule 4(k)(2). Accordingly, this Court does not have personal jurisdiction over Defendants. Because Kraken cannot satisfy the negation requirement, the Court need not analyze whether the exercise of jurisdiction comports with due process requirements.

## III.    Transfer

If a court determines that it lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see also Leitner-Wise v. Clark*, No. CV 18-771 (BAH), 2018 WL 6787999, at *7 (D.D.C. Dec. 26, 2018). Although the party requesting transfer ordinarily bears the burden of establishing that transfer is

proper, the "[t]he law of this Circuit also holds that *sua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court." *Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 112, n.4 (D.D.C. 2008) (citing *Hill v. U.S. Air Force,* 795 F.2d 1067, 1070 (D.C. Cir. 1986)); *see also Wright v. Sheehy Ford of Marlow Heights, Inc.*, No. CV 19-2365 (TJK), 2020 WL 977974, at *3 n.7 (D.D.C. Feb. 28, 2020) (noting that "the D.C. Circuit has strongly suggested that a district court must *sua sponte* transfer a case over which it lacks personal jurisdiction to a court where jurisdiction would be proper when doing so would be in the interest of justice.").

Although Plaintiff has not raised the prospect of transfer, EasyDive contends that it would be improper for this Court to transfer the case to the Eastern District of Virginia. Def's Reply at 13. However, it is well settled in this Circuit that transfer is preferable to dismissal and "where a court finds that it lacks jurisdiction, it must transfer such action to the proper court, if such transfer is in the interest of justice." *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 80 (D.C. Cir. 1985); *see also Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (discussing the Supreme Court's preference for transfer in cases where personal jurisdiction presents an "obstacle…to a prompt adjudication on the merits in the forum where originally brought"); *Gather Workspaces LLC v. Gathering Spot, LLC*, No. CV 19-2669 (RC), 2020 WL 6118439, at *10 (D.D.C. Oct. 16, 2020) ("[T]he law of this Circuit suggests that when a district court lacks personal jurisdiction over a case, transfer to a court where jurisdiction is proper is preferred, and perhaps even required, to dismissing the case."); *Leitner-Wise*, 2018 WL 6787999, at *7 (noting that "transfers, when possible, are preferred to outright dismissals").

When evaluating whether a transfer is in the interest of justice, "courts consider, <u>inter alia</u>, whether the claims would be time-barred upon refiling, whether transfer

would prejudice the defendants' position on the merits, and whether transfer would save the plaintiff the time and expense of refiling in a new district." *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 235 (D.D.C. 2018).

In this case, the Court finds that the interests of justice weigh towards transferring the case to the Eastern District of Virginia.  First, the Defendants have explicitly consented to the Eastern District. Second, as explained above, as a foreign patentee Mr. Benvenuti is statutorily subject to the jurisdiction of the Eastern District of Virginia pursuant to 35 U.S.C. § 293. Third, transfer would not prejudice the Defendants' position on the merits as Defendants will still be able to pursue their claim that the Complaint fails to state a claim for which relief can be granted. *See Leitner-Wise,* 2018 WL 6787999, at *7; *Sinclair,* 711 F.2d at 293, n.2 (transfer was in the interest of justice because "transfer would not prejudice the defendants' position on the merits" as "[t]he defendants would not be barred from raising any defense or submitting any motions in the transferee court which would have been proper in the transferor court."). Finally, neither party will be inconvenienced given the Eastern District of Virginia's proximity to this district. *See Leitner-Wise,* 2018 WL 6787999, at *7 (transfer was in the interest of justice because "neither party will be substantially inconvenienced by the move from this Court to the Eastern District of Virginia, which is located just a few miles away.")

For the reasons stated above, the Court finds that transferring this case to the Eastern District of Virginia, which may properly exercise personal jurisdiction over defendants, serves the interests of justice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendants.  The Court finds, however, that the United States District Court for the Eastern District of Virginia is an appropriate venue for this action, has subject matter jurisdiction over Plaintiff's claims, and has personal jurisdiction over Defendants.  Pursuant to 28 U.S.C. § 1631, this action shall be transferred to the United States District Court for the Eastern District of Virginia.

An appropriate order accompanies this opinion.

March 24, 2021

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE